WILLIAM H. MARSHALL *et al.*, Respondents, v. S. B. VINCENT *et al.*, Defendants; S. B. VINCENT, Appellant.

St. Louis Court of Appeals, May 29, 1894; Motion for Rehearing Overruled September 18, 1894.

Costs: PAYMENT OF DEBT AFTER INSTITUTION OF SUIT. When the debt sued on is paid by the defendant after the institution of the suit, there should be judgment for costs in favor of the plaintiff.

*Appeal from the New Madrid Circuit Court.*—HON. H. C. RILEY, Judge.

REVERSED AND REMANDED *(with directions)*.

*Wilson Cramer* for appellant.

*J. J. Russell* for respondent.

BOND, J.—This suit is brought by plaintiffs against defendants for the amount of three drafts drawn by

the defendants to plaintiffs' order and alleged to have been duly presented for payment to the drawees therein named. It is further alleged that payment was refused, of which due notice was given defendants. The petition also contains a count for a balance, due plaintiffs on an open account, of $150.45. The answer was a general denial.

The evidence tended to show that defendants were partners engaged in getting out stave timber in New Madrid county, Missouri; that during the time they were thus employed one George Melloway was "running a boarding camp" for the hands employed by defendants; and that defendants were authorized by their employees to retain enough of their wages to pay the amount of their board owing to George Melloway. It was admitted that, after the institution of this suit, the three drafts mentioned in the petition were paid, and plaintiffs waived any recovery for said drafts at the trial.

There was evidence tending to show that Melloway up to a certain date traded with the plaintiffs with an understanding that his bills thus incurred would be paid by the defendants, and that the plaintiffs charged upon their books the goods thus bought by Melloway to the defendants. All the testimony concurs, however, in showing that in August, 1891, this arrangement was discontinued, and the plaintiffs were then notified by the defendant Vincent that the defendants would not be responsible for any goods sold to Melloway after that date. The plaintiffs thereupon opened a separate account with Melloway. After this was done, the defendants gave to plaintiffs a draft for $150 (being one of the drafts sued on herein and paid since the institution of this suit), telling plaintiffs at the time to credit it on Melloway's old account. This the plaintiffs omitted to do, and apparently credited the amount on

Melloway's new account. If this draft is credited according to directions of the defendants, it is sufficient to extinguish their liability; if not, it leaves them liable for a certain balance on the old account. The court found that the old account was not paid, and rendered judgment against the defendant Vincent for $159.45. The defendant Vincent appeals, and assigns for error that under the uncontroverted evidence the account for which he could be held responsible is paid, and there could be no recovery for substantial damages.

We have carefully examined the record, and must conclude that this contention is just. We can not conceive on what theory the plaintiffs were authorized to credit this $150 draft on Melloway's separate account, as the intention and direction of the payor was different. That the draft has, since the institution of the suit, been paid, is not controverted. Being paid, it extinguished any liability of the defendants on the account which was chargeable to them. As, however, the plaintiffs at the date of the institution of the suit had a cause of action, they are entitled for judgment for costs. The judgment is reversed, and the cause remanded with direction to enter a judgment for plaintiff for nominal damages and costs. Respondents must pay the costs of this appeal. Judge ROMBAUER concurs. Judge BIGGS, absent.